556 S.E.2d 392

**In the Matter of Mark R. CALHOUN, Respondent.**

**No. 25384.**

Supreme Court of South Carolina.

Submitted Oct. 30, 2001.

Decided Dec. 3, 2001.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Richard A. Harpootlian, of Columbia, for respondent.

PER CURIAM.

Respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a suspension from the practice of law for not less than six months, but not more than eighteen months. We accept the agreement and impose an eighteen month suspension retroactive to December 7, 2000, the date respondent was placed on interim suspension. *In re Calhoun*, 343 S.C. 280, 540 S.E.2d 444 (2000). The facts as admitted in the agreement are as follows.

### *Facts*

On March 15, 2000, respondent received traffic citations for speeding and failing to have a South Carolina vehicle license and registration. Respondent's trial date for the citations was listed as March 30, 2000. Respondent did not appear in magistrate's court, was tried in his absence, and was found guilty of both charges. On March 31, 2000, respondent altered the court date on his copies of the citations in an effort to convince the magistrate to reopen his case.

In respondent's initial response to the Office of Disciplinary Counsel, respondent denied any wrongdoing. Respondent suggested that the prosecuting officer had animosity towards respondent and may have altered the citations. Respondent now acknowledges he altered the court date on the citations.

## *Law*

As a result of his conduct, respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3 (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal or offer evidence that the lawyer knows to be false); Rule 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(c) (engaging in conduct involving moral turpitude); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

In addition, respondent has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (willfully violating a valid order of the Commission on Lawyer Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

## *Conclusion*

We find an eighteen month suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for eighteen months, retroactive to the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.